UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER J. SMITH,
Plaintiff,

vs.

MR. D. MARION, et al.,
Defendants.

Case No. 1:15-cv-195
Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Lebanon Correctional Institution (LeCI), brings this pro se action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. This matter is before the Court on defendants' motion for summary judgment (Doc. 19), plaintiff's affidavit in opposition to the motion for summary judgment[1] (Doc. 21), and defendants' supplemental brief and affidavit in response to an Order of the Court (Docs. 23, 23-1).

**I. Background**

Plaintiff, proceeding *in forma pauperis*, filed the original complaint in this matter on March 30, 2015. (Doc. 4). Plaintiff names as defendants LeCI, Officer Larry Burchett, and Officer Dustin Marion. Plaintiff alleges that Officers Burchett and Marion used an excessive amount of force during an incident that occurred at LeCI on January 27, 2015. Plaintiff makes the following allegations in the complaint concerning the incident: On that date, Officer Marion would not let plaintiff back into his cell after he returned from the shower. Officer Burchett let plaintiff into his cell when he passed by him on the second round of security checks. After

---

[1] Plaintiff also submitted an affidavit prior to the date defendants filed their motion for summary judgment. (Doc. 16). Plaintiff attached copies of two LeCI records related to the incident giving rise to this lawsuit. (*Id.*, Exhs. 1C, 1D). The undersigned has considered these records in connection with defendants' motion for summary judgment.

allowing plaintiff into the cell, Officer Burchett began aggressively questioning him. Plaintiff answered him and attempted to end the argument by turning his back and walking into the cell. Officer Burchett attacked plaintiff when he turned his back and wrestled him to the ground with a submission hold. Plaintiff screamed for help and attempted to crawl into the hallway where a camera could record the struggle. When Officer Marion heard the commotion, he rushed into the cell, grabbed plaintiff by the foot in an attempt to subdue him, and twisted and broke plaintiff's ankle.

Plaintiff alleges that he presented the facts related to the incident through the state prisoner grievance procedure that is available at LeCI. (*Id.* at 4). Plaintiff alleges that he wrote a "use of force complaint," followed by an informal complaint, and then a "grievance." (*Id.* at 7). Plaintiff also alleges he wrote "Central Office, a private investigator, the State Highway Patrol, and others." (*Id.* at 4).

## II. Defendants' motion for summary judgment (Doc. 19)

Defendants Burchett and Marion move for summary judgment pursuant to Fed. R. Civ. P. 56 on the ground plaintiff failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Plaintiff disputes defendants' allegation and contends that he exhausted his administrative remedies. (Doc. 21; Exh. I-1). The Court issued an Order on June 24, 2015, granting the parties 21 days to submit supplemental briefs and evidentiary materials on the issue of whether plaintiff exhausted the second and third steps of the administrative grievance procedure. (Doc. 22). Defendants submitted a supplemental memorandum and affidavit on July 15, 2015. (Docs. 23, 23-1).

### 1. Summary judgment standard

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A fact is considered "material" only if its resolution will directly affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Pursuant to Fed. R. Civ. P. 56(c), a grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee,* 295 F.3d 611, 615 (6th Cir. 2002). The moving party must inform the court of the basis for its motion and specify which parts of the record demonstrate the absence of a genuine issue of material fact. *Celotex Corp.,* 477 U.S. at 323. The movant may fulfill this responsibility by showing that the non-moving party lacks evidence to support an essential element of its case. *See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A.,* 12 F.3d 1382, 1389 (6th Cir. 1993).

The non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253 (1968)). The opposing party must present some significant evidence which requires the parties to resolve their differing versions of the material facts at trial. *Sixty Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank,* 391 U.S. at 288-289).

3

### 2. Administrative exhaustion requirements

Pursuant to the PLRA, 42 U.S.C. § 1997e, a prisoner may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all inmate suits regarding prison life whether the suit involves general circumstances or specific episodes. *Porter v. Nussle,* 534 U.S. 516, 532 (2002). The inmate must pursue all available administrative remedies, regardless of whether he seeks relief that is available through the grievance procedures. *Id.* at 524. The prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 88 (2006). The PLRA requires proper exhaustion, and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

Plaintiffs are not "required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216 (2007). Failure to exhaust is an affirmative defense under the PLRA on which defendant bears the burden of proof. *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (citing *Risher v. Lappin,* 639 F.3d 236, 240 (6th Cir. 2011)). A defendant is entitled to summary judgment based on non-exhaustion only if he demonstrates the absence of a "genuine dispute as to any material fact" regarding non-exhaustion. *Id.* (citing *Risher*, 639 F.3d at 240) (quoting Fed. R. Civ. P. 56(a)).

Inmates at institutions maintained by the Ohio Department of Rehabilitation and Correction (ODRC) are bound to follow a three-step inmate grievance procedure set forth in Ohio Administrative Code § 5120-9-31(K). This procedure is available to all inmates, regardless of their disciplinary status at the institution. OAC § 5120-9-31(D). An inmate may seek relief

4

regarding any aspect of institutional life that directly or personally affects him. OAC § 5120-9-31(A). All inmates in the custody of ODRC are given written and oral instructions on how to properly use the grievance system. OAC § 5120-9-31(C). The instructions include information on how to file an appeal to the Chief Inspector's office and how to file direct grievances to that office. *Id.*

The first step of the grievance process is the filing of an Informal Complaint Resolution (ICR) within 14 days of the incident. OAC § 5120-9-31(K)(1). This complaint should be filed with the direct supervisor or staff member most directly responsible for the issue that is the subject of the complaint. *Id.* If the inmate is dissatisfied with the response to the informal complaint, the inmate may proceed to step two. *Id.* Step two requires the inmate to file a notification of grievance ("NOG") with the Institutional Inspector within 14 days of the response to the informal complaint or waiver of this step. OAC § 5120-9-31(K)(2). If the inmate is dissatisfied with the outcome of step two, the inmate may proceed to step three. *Id.* The third step is to file an appeal to the Office of the Chief Inspector at ODRC within 14 days of the disposition of the second step. OAC § 5120-9-31(K)(3). The Chief Inspector is to provide a written response within 30 days of receiving an appeal, unless he extends the time frame for good cause and notifies the inmate. *Id.* An inmate who is not satisfied with a decision on the appeal is free to file a civil suit in federal court. 42 U.S.C. § 1997e.

The requirement that an inmate file an ICR to exhaust his administrative remedies may be waived in certain circumstances. *See* OAC § 5120-9-31(K)(1). One such exception is when an inmate has made a complaint of use of force pursuant to OAC § 5120-9-03. Section 5120-9-03

5

applies when a staff member who has used force on an inmate fails to make a report of use of force contrary to ODRC policy.[2]

A use of force investigation does not satisfy a prisoner's obligation to proceed through the prison's administrative grievance procedure. "The exhaustion requirement in § 1997e(a) is directed at exhausting the *prisoner's* administrative remedies," and "Use of Force or other investigations do not satisfy the PLRA's dictates." *Thomas v. Woolum*, 337 F.3d 720, 734 (6th Cir. 2003) (emphasis in original), abrogated on other gds. by *Woodford*, 548 U.S. 81. *See also Curry v. Scott*, 249 F.3d 493, 504 (6th Cir. 2001) (a prison use of force committee investigation is not a substitute for exhaustion through the prison's administrative grievance procedure); *Brown v. Lebanon Correctional Inst.*, No. 1:09-cv-513, 2009 WL 2913930, at *3 (S.D. Ohio Sept. 9, 2009) (an internal investigation by an institution's use of force committee is not a substitute for exhaustion through the prison's administrative grievance procedure under OAC § 5120-9-31) (citations omitted); *Franklin v. Nusbaum*, No. 1:11cv1848, 2012 WL 7148203, at *4 (N.D. Ohio Oct. 29, 2012) (Report and Recommendation), *adopted*, 2013 WL 587570 (N.D. Ohio Feb. 13, 2013) ("the fact that a Use of Force committee was apparently convened to investigate the incident does not suffice for exhaustion under the prison's grievance procedure").

### III. Undisputed facts

Officer Burchett wrote a conduct report following the January 27, 2015 incident charging plaintiff with violating an institutional rule against physical resistance to a direct order. (Doc. 16, Exh. 1D). The Rules Infraction Board determined that plaintiff had violated the rule, but the LeCI Warden reversed the decision. (*Id*., Exh. 1C). A use of force investigation was conducted in connection with the incident. (Doc. 19 at 8, n.1).

---

[2] Under this provision, if the inmate makes an oral or written complaint of use of force to a staff member, the staff member must immediately forward the complaint to the inspector of institutional services. OAC § 5120-9-03(C)(1). The inspector is required to investigate the complaint and prepare a report for the warden. OAC § 5120-9-03(C)(5).

There are no documents in the file that reference an ICR related to the January 27, 2015 use of force incident. (Affidavit of Antonio Lee, ODRC Assistant Chief Inspector, Doc. 19-1, ¶ 14). Plaintiff's grievance file includes four ICRs filed during his incarceration at LeCI, but none of those ICRs pertain to the January 27, 2015 incident. (*Id.*, ¶ 15). Plaintiff did not file a Notification of Grievance concerning the January 27, 2015 use of force incident as required under step two of the inmate grievance procedure, OAC § 5120-9-31(K)(2). (Supplemental Lee Affidavit, Doc. 23-1, ¶ 3). Nor did plaintiff file an appeal to the Office of the Chief Inspector of the ODRC pursuant to step three of the inmate grievance procedure, OAC § 5120-9-31(K)(3). (*Id.*).

Plaintiff submitted a "kite" to "Mrs. Austin" in the LeCI Inspector's Office on January 30, 2015, regarding defendants' use of force. (Doc. 21; Exh. I-1). He requested to file a complaint and assault charges against Officers Burchett and Marion. (*Id.*). Mrs. Austin wrote to plaintiff in response: "Sir, I am receipt of your letter [and] I see you are pending a conduct report. Capt. Spurlock has been specially assigned to review the UOF/video. I'll check on your Use of Force hearing. I'll be involved as needed." (*Id.*).

**IV. Resolution**

The undisputed facts show that plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit. Although the evidence does not conclusively establish that plaintiff failed to satisfy the first step of the three-step administrative grievance process, there is no dispute that plaintiff failed to satisfy the second and third steps of the grievance process under OAC § 5120-9-31(K)(2), (3). Plaintiff did not file either a NOG or an appeal to the Office of the Chief Inspector as required under those provisions. (Supplemental Lee Affidavit, Doc. 23-1, ¶ 3).

7

There is no dispute that plaintiff did not file an ICR related to the use of force incident. *See* OAC § 5120-9-31(K)(1). Plaintiff's grievance file includes four ICRs, but each of those ICRs was filed prior to the January 27, 2015 incident and none relate to the incident. (Doc. 19-1 at 5). Defendants acknowledge there are possible alternatives to filing an ICR under the three-step exhaustion procedure set forth in OAC § 5120-9-31(K) but contend those alternative procedures do not apply here. Specifically, defendants allege that the alternative procedure applicable when an informal complaint is filed pursuant to § 5120-9-03 or § 5120-9-04 did not come into play.[3]

Section 5120-9-04, which concerns issues of discrimination, is not relevant to plaintiff's complaint. It is not clear from the record currently before the Court whether plaintiff's January 30, 2015 kite requesting to file a complaint and assault charges against the defendant officers (Doc. 21, Exh. I-1) was "filed pursuant to rule 5120-9-03," which applies only when the staff member made no use of force report. *See* OAC § 5120-9-03. The evidence produced by the parties does not establish that a staff member failed to make a use of force report in connection with the January 27, 2015 incident. While Officer Burchett prepared and signed a Conduct Report charging plaintiff with physical resistance of a direct order (Doc. 16, Exh. 1D), there is no evidence in the record showing whether Officer Burchett also filed an Incident Report (DRC 1000) notifying the prison administration of his own use of force in connection with the January 27, 2015 incident. Construing the evidence in the light most favorable to plaintiff, the non-moving party, the Court will assume for purposes of the motion for summary judgment that no staff member made a use of force report and that plaintiff's kite sufficed to invoke the waiver

---

[3] Section OAC § 5120-9-31(K)(1) states in pertinent part: "The filing of an informal complaint may be waived if it is determined by the inspector of institutional services that there is a substantial risk of physical injury to the grievant, the complaint is filed pursuant to rule 5120-9-03 or 5120-9-04 of the Administrative Code, paragraph (H) of this rule, or for other good cause." OAC § 5120-9-31(K). OAC § 5120-9-03 applies to inmate complaints of use of force when a staff member has not made a use of force report. OAC § 5120-9-04 addresses discrimination issues.

8

provision of OAC § 5120-9-31(K)(1). In such a case, plaintiff was not required to file an ICR related to the defendant officers' use of force against him on January 27, 2015, in order to satisfy the first step of the administrative exhaustion process.

Even assuming for purposes of the motion for summary judgment that the first step of the administrative grievance procedure was waived, plaintiff was nonetheless required to file a NOG. *See* OAC § 5120-9-31(K)(2) ("If the inmate is dissatisfied with the informal complaint response, *or the informal complaint process has been waived*, the inmate may obtain a notification of grievance form from the inspector of institutional services. All inmate grievances must be filed by the inmate no later than fourteen calendar days from the date of the informal complaint response or *waiver of the informal complaint step*.") (emphasis added). There is no dispute that plaintiff failed to complete this step and to proceed to the third step of the grievance process by filing an appeal to the Office of the Chief Inspector. (Supplemental Lee Affidavit, Doc. 23-1, ¶ 3). The only documentation plaintiff has produced in this matter shows he submitted a kite to the LeCI's Inspector's Office and the Inspector's Office undertook an investigation into a use of force complaint. (Doc. 21, Exh. I-1). However, a use of force investigation does not satisfy plaintiff's obligation to proceed through the steps of the prison's administrative grievance procedure. *Thomas*, 337 F.3d at 734; *Curry*, 249 F.3d at 504; *Brown*, 2009 WL 2913930, at *3; *Franklin*, 2012 WL 7148203, at *4.

Plaintiff failed to exhaust his administrative remedies by neglecting to complete the three-step grievance process set forth in OAC § 5120-9-31(K). Because plaintiff did not file a NOG or an appeal to the Chief Inspector in connection with the January 27, 2015 use of force incident as required under OAC § 5120-9-31(K), his complaint must be dismissed for failure to exhaust his administrative remedies. *See Woodford*, 548 U.S. at 83 ("Proper exhaustion

9

demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (Doc.) be **GRANTED** and the complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/27/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER J. SMITH,  
    Plaintiff,

Case No. 1:15-cv-195  
Black, J.  
Litkovitz, M.J.

vs.

MR. D. MARION, et al.,  
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).